UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**YELLOWSTONE MOUNTAIN CLUB, LLC,**<br><br>　　　　　　　　　　Debtor. | Case No. **08-61570-11** |
| **MICHAEL SNOW**, **Greg C Branch**, **A.C. Markkula**, **Linda Markkula**, **Spano Yellowstone Holdings Limited Partnership**, **Robert P. Watson**, **Katharine M. Watson**, **Bankers Financial Corporation**, and **Mountain Vista Properties AG**,<br><br>　　　　　　　　　　Plaintiffs.<br><br>-vs-<br><br>**BLX Group, Inc. F/k/a Blixseth Group, Inc**, **Timothy L. Blixseth**, **Edra D. Blixseth**, **John Does 1- 15**, and **ABC Companies 1-15**,<br><br>　　　　　　　　　　Defendants. | Adv No. **09-00018** |

## MEMORANDUM of DECISION

　　At Butte in said District this 14th day of June, 2010.

　　In this Adversary Proceeding, after due notice, a hearing was held June 7, 2010, in Butte on Timothy Blixseth's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(h)(2) filed April 28, 2010, at docket entry no. 206. Brent Bastian of Boise, Idaho appeared at the

1

hearing on behalf of Timothy Blixseth ("Blixseth") and Brian A. Glasser of Charleston, West Virginia and Ronald A. Bender of Missoula, Montana appeared at the hearing on behalf of the Plaintiffs.

Blixseth argues that the Plaintiffs, by removing all damage claims and causes of action against Edra Blixseth and BLX Group, Inc., f/k/a Blixseth Group, Inc. ("BLX") in their amended complaint filed March 22, 2010, "functionally" dismissed Edra Blixseth and BLX in all but name, thereby creating an obvious misjoinder problem because Edra Blixseth and BLX are necessary and indispensable parties to this action. The Plaintiffs counter that Blixseth has not sustained his burden of proof under Rule 12(b)(7), that there has been no misjoinder and that even if there was a misjoinder, dismissal is not the appropriate remedy.

The Plaintiffs filed their original adversary complaint on March 3, 2009, naming BLX, Timothy L. Blixseth and Edra D. Blixseth ("Edra") as defendants. Edra then filed a voluntary Chapter 11 bankruptcy petition on March 26, 2009. Edra's Chapter 11 bankruptcy was converted to Chapter 7 of the Bankruptcy Code on May 29, 2009. Also, an involuntary Chapter 11 bankruptcy proceeding was filed against BLX on September 21, 2009. BLX and Edra's bankruptcy estates are essentially insolvent at this time.

After commencement of this Proceeding, Blixseth sought dismissal for lack of subject matter jurisdiction. Blixseth also requested that the District Court withdraw the reference. After Blixseth's request for dismissal and request for withdrawal of the reference were denied, Blixseth filed an answer to the Plaintiffs' complaint on September 25, 2009.

On March 22, 2010, the Plaintiffs filed a First Amended Complaint. In their First Amended Complaint, the Plaintiffs dropped their specific claims against Edra and BLX because

of their respective bankruptcy filings.  The Plaintiffs also included additional facts that they maintain show that Blixseth is liable for, among other things, breaches of fiduciary duty, aiding and abetting breaches of fiduciary duty and conversion.  According to the Plaintiffs, the additional facts involve Blixseth's actions in connection with several transactions relating to Big Sky Ridge, Sunrise Ridge, Overlook Partners, Lot 90 in the Yellowstone Development, together with other self dealing through which Blixseth personally profited.  Blixseth's pending motion to dismiss followed on April 28, 2010.

After considering the record, the arguments of counsel and given the facts as they exist, the Court agrees with the Plaintiffs that Blixseth's motion should be denied.  Blixseth filed his motion to dismiss under Rule 12(h)(2).  As Blixseth concedes in his motion, the standards for dismissal under Rule 12(h)(2) are the same as those under Fed.R.Civ.P. 12(b)(7).  Rule 12(b)(7) provides for dismissal if a plaintiff fails to join an indispensable party under Rule 19.  Blixseth argues that the "Plaintiffs functionally dismissed [Edra an BLX] from this case by misjoining them."  The Court disagrees.

Edra and BLX are still named as defendants in this action.  The problem for the Plaintiffs is that both Edra and BLX are now in bankruptcy, a fact that Blixseth seeks to completely ignore.  Blixseth cites to a number of cases in support of his request for dismissal, but each of those cases is factually distinguishable.  Under the facts of this particular case, the Plaintiffs gain nothing by seeking damages against BLX and Edra's insolvent bankruptcy estates.  Moreover, the Court does not agree that BLX and Edra are both indispensable parties.

Blixseth and Edra were the founders of Yellowstone Club World, LLC, Big Springs Realty, LLC and Blixseth Group, Inc. ("BGI")  Blixseth was in control of all the aforementioned

3

entities until August of 2008, when Blixseth turned ownership and control of said entities over to Edra pursuant to the couple's marital settlement agreement. Edra gained control of the aforementioned entities on August 13, 2008, and subsequently changed the name of BGI to BLX on August 19, 2008.

Blixseth and Edra were also the founders of the Debtor entities consisting of Yellowstone Mountain Club, LLC, Yellowstone Development, LLC, Big Sky Ridge, LLC, and Yellowstone Club Construction Company, LLC. From their inception to August 12, 2008, the other Debtor entities were controlled by Blixseth as the sole Class A Shareholder through his holding company BGI. From August of 2001, BGI owned 82.6532 percent of the stock in Yellowstone Mountain Club, LLC and Yellowstone Development, LLC, and Blixseth Family Investments, LLC owned 5.1020 percent. The Class B Members, or Class B Shareholders--consisting of the following twelve entities or individuals: Bankers Financial Corporation, Gregory C. Branch Family Limited Partnership, Blixseth Family Investments, LLC, Jorge V. Jasson, Greg LeMond, A.C. Markkula and Linda K. Markkula Trustees of the Arlin Trust, Mountain Vista Properties AG, David L. Morris and Sacia B. Morris, Sacia Enterprises, Inc., Michael L. Snow, Spano Yellowstone Holdings Limited Partnership and Robert P. Watson and Katharine M. Watson--each owned 1.0204 percent of YMC and YD, or 12.25 percent of Yellowstone Mountain Club, LLC and Yellowstone Development, LLC.

The majority of the Plaintiffs' claims in their original complaint center around a $375 million loan that the Debtor entities obtained from Credit Suisse and Blixseth's use of the loan proceeds, including the notes that Blixseth, on behalf of then BGI, executed in favor of the Yellowstone Club entities when Blixseth removed a substantial amount of the Credit Suisse loan

4

proceeds from the Yellowstone Club entities. The Plaintiffs' claims stemming from the $375 million Credit Suisse loan are primarily against Blixseth, who was at all relevant times, the sole shareholder of BGI, and who was in control of the Debtor entities. The Plaintiffs' also complained about certain actions that Edra took at or around the time that she assumed control of BGI and the Debtor entities in August of 2008.

Because of the ownership structure of the entities involved pre-August 2008 and post-August 2008, the Court concludes that Edra is, in all likelihood, not a necessary party to this Adversary Proceeding. Edra's involvement with the claims against Blixseth exists because Blixseth has maintained in other actions that Edra now has possession of BGI's books and records, which books and records are now presumably in the hands of the BLX Trustee. Similarly, while BLX is arguably a necessary party because it was used as a conduit by Blixseth, its role is limited. Thus, the Court concludes that the Plaintiffs' removal of damage claims and specific claims against Edra and BLX does not equate to misjoinder and is not fatal in this instance because complete relief can be afforded the Plaintiffs under their Amended Complaint as drafted.

Furthermore, even if Edra and BLX were indispensable parties, which the Court finds they are not, dismissal would not be an appropriate remedy, particularly where Blixseth has not shown prejudice to either himself, BLX or Edra. Indeed, dismissal of this Adversary Proceeding would most likely prejudice only the Plaintiffs by barring their claims under applicable statutes of limitation.

Finally, Blixseth argues that the Plaintiffs should have to seek relief from the automatic stay in BLX and Edra's bankruptcy cases and that this Adversary Proceeding should be litigated

under the umbrella of such bankruptcies. The Court rejects Blixseth's request for the parties to engage in such pointless exercises. This Adversary Proceeding, as styled, is the appropriate place for the parties to litigate their dispute. Thus, after considering the record, particularly the arguments set forth in the "Plaintiffs' Response in Opposition to Defendant, Timothy Blixseth's Motion to Dismiss" filed May 12, 2010, at docket entry no. 249, and in accordance with the Court's oral ruling made June 7, 2010, the Court will enter a separate order providing as follows:

IT IS ORDERED that Timothy Blixseth's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(h)(2) filed April 28, 2010, at docket entry no. 206, is DENIED.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana