UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**YELLOWSTONE MOUNTAIN CLUB, LLC**,<br><br>Debtor. | Case No. **08-61570-11** |
| **MICHAEL SNOW**, **GREGORY C BRANCH FAMILY LIMITED PARTNERSHIP**, **A.C. Markkula**, **Linda Markkula**, **Spano Yellowstone Holdings Limited Partnership**, **Robert P. Watson**, **Katharine M. Watson**, **Bankers Financial Corporation**, and **Mountain Vista Properties AG**,<br><br>Plaintiffs.<br><br>-vs-<br><br>**BLX Group, Inc. F/k/a Blixseth Group, Inc**, **Timothy L. Blixseth**, **Edra D. Blixseth**, **John Does 1- 15**, and **ABC Companies 1-15**,<br><br>Defendants. | Adv No. **09-00018** |

### *MEMORANDUM of DECISION*

At Butte in said District this 4th day of August, 2010.

Following commencement of this Adversary Proceeding on March 3, 2009, a pretrial scheduling conference was held September 25, 2009.  Pursuant to a pretrial scheduling order

1

entered that same date, trial was originally scheduled to commence on February 24, 2010. The Court subsequently deconsolidated this Adversary Proceeding from 09-00017 and 09-00014 on January 14, 2010, and rescheduled the pretrial scheduling conference. The Court then entered a second pretrial scheduling order on January 28, 2010, setting June 11, 2010, as the deadline to file all pretrial motions, with trial commencing on August 23, 2010.

On June 2, 2010, Plaintiffs and Blixseth filed a Stipulation to Amend Scheduling Order to Allow Certain Discovery and Extend Motions Deadline. In an Order entered June 3, 2010, the Court approved the Stipulation and extended the deadline for dispositive motions to July 2, 2010, with the deadline for responses to dispositive motions set as July 25, 2010. On July 2, 2010, Blixseth timely filed: (1) a Motion for Summary Judgment Concerning Derivative Claims, Standing, Alter Ego, Fiduciary Duty, and Statutes of Limitation at docket entry no. 299; (2) a Motion for Summary Judgment on Affirmative Defense "D" at docket entry no. 302; and (3) a Motion for Summary Judgment on Affirmative Defenses "K" and "L" on Causation at docket entry no. 308. Blixseth also filed on July 6, 2010, an Amended Motion for Summary Judgment on Plaintiffs' Damages Claims/Exclude the Expert Opinions & Testimony of Kent Mordy at docket entry no. 330. Blixseth's Amended Motion for Summary Judgment on Plaintiffs' Damages Claims/Exclude Expert Opinions & Testimony of Kent Mordy amends a prior motion filed July 2, 2010, at docket entry no. 300, which motion inappropriately contains the caption of Adversary Proceeding 09-00014 rather than this Adversary Proceeding.

The time for the Plaintiff's to respond to dispositive motions expired on July 25, 2010, a Sunday. The Court deems the Plaintiffs' Omnibus Response to Blixseth's Motions for Summary Judgment filed July 26, 2010, at docket entry no. 338 as timely. The Plaintiffs also filed a

2

Statement of Genuine Issues on July 26, 2010, at docket entry no. 339.

When the Court began its initial draft of this Memorandum of Decision, the Court set out to recite each of Blixseth's undisputed facts. Such undisputed facts ended on page 66 of the Court's initial draft order. The next page of the initial order was devoted to the issues posed by the Plaintiffs. Pages 68 and 69 of that initial order then set forth the Court's standard summary judgment language. In all, before reaching any analysis, the Court's order was 69 pages.

After carefully reading Blixseth's motions, briefs and undisputed facts, together with the Plaintiffs' Omnibus Response and the Plaintiffs' Statement of Genuine Issues, the Court elects to scrap the original 69 pages of its order and dispose of Blixseth's pending motions in a manner that is commensurate with the merits of Blixseth's arguments.

The parties know the standard for summary judgment, and the Court need not repeat it. Also, the Court finds the Plaintiffs' Omnibus Response well-reasoned and adopts such reasoning here. For the reasons argued by the Plaintiffs' and given the presumptions in favor of the non-moving parties, the Court will enter a separate order providing as follows:

IT IS ORDERED:

1. Blixseth's Motion for Summary Judgment Concerning Derivative Claims, Standing, Alter Ego, Fiduciary Duty, and Statutes of Limitation filed at docket entry no. 299 is DENIED.

2. Blixseth' Motion for Summary Judgment on Affirmative Defense "D" filed at docket entry no. 302 is DENIED.

3. Blixseth's Motion for Summary Judgment on Affirmative Defenses "K" and "L" on Causation filed at docket entry no. 308 is DENIED.

4. Blixseth's Amended Motion for Summary Judgment on Plaintiffs' Damages

Claims/Exclude the Expert Opinions & Testimony of Kent Mordy filed at docket entry no. 330 is DENIED.

                                      BY THE COURT

                                      */s/ Ralph B. Kirscher*

                                      HON. RALPH B. KIRSCHER
                                      U.S. Bankruptcy Judge
                                      United States Bankruptcy Court
                                      District of Montana